JUDGE ROBERTSON
delivered the opinion of the court:
On agreed facts concerning an account for more than three hundred dollars, claimed by the jailer of Knox county, as one of a guard appointed to prevent the escape of two prisoners confined in his jail for felony, the court below decided against his claim. And this court concurs in that judgment.
The order for a guard cannot be consistently interpreted as appointing the jailer one of the “ four,” but plainly imports that he should summons four other persons as a guard “to assist him,'' as jailer, to keep the prisoners safely; and this is made more manifest by the leave given to him “ to discharge said guard at his discretion, and sum *73 mons others in their room;” he clearly not being a guard to be discharged or summoned by himself, but only, as jailer, ex-officio superintendent of the guard; and the additional provision that he be allowed the same pay as a guard, not only imports that he was not intended to be one of the guard, but would have been superfluous if he was considered as one of them; all of whom are alike provided for by law. It was his official duty to superintend the guard for his official pay; and, therefore, the court had no authority to add to his compensation as jailer.
The statement in the agreed facts that the jailer was “ appointed one of the guard,” by the order as exhibited, cannot change our construction of the order, which we must interpret for ourselves, according to our own opinion, and not otherwise, merely because the counsel may not have thought as we do.
But, whatever may be the true constructive intent, we must harmonize it with the authority to appoint a guard, which, in our opinion, excluded the jailer. The law made it his duty to keep the prisoners safely, without a guard; but, as sometimes there may be danger of escape from a deficient jail, infidelity, or other peculiar cause, however vigilant and faithful the jailer may be, the statute authorizes the court, in such cases, to appoint a guard to assist him, as jailer, whose duties and responsibilities will not thereby be increased, but rather diminished, and whose compensation, therefore, ought not to be augmented. This seems to be the clear object of the statute authorizing the appointment and payment of an assistant guard. Such, in our opinion, is the literal import of the statute, and such is the public policy which conservatively prohibits any other compensation for official service than that prescribed by law. And this policy applies to such a case as this with a peculiar emphasis; for, if *74 jailers can secure supplemental compensation at the rate of one dollar and fifty cents a day as guard, mercenary motives might tempt them to act in such a way as to obtain unnecessary orders for such curators, including themselves, when prisoners might be as safely kept by their own vigilance and fidelity. And thus they might make more as guards than as jailers, and more than double as much for the same service as the law contemplates or could wisely or consistently allow.
Wherefore, the judgment of the circuit court on the agreed facts is affirmed.